ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, May 20, 2019 2:39:32 PM
CASE NUMBER: 2019 CV 02315 Docket ID: 33431947
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| **MIAMI VALLEY HOSPITAL**<br>One Wyoming Street<br>Dayton, OH 45409 | )<br>)<br>) | CASE NO. |
| | ) | JUDGE |
| Plaintiff, | )<br>) | |
| | ) | **COMPLAINT** |
| v. | )<br>) | |
| **1199 SEIU BENEFIT FUND**<br>330 West 42nd Str.<br>New York, NY 10036 | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

NOW COMES Plaintiff, Miami Valley Hospital, by and through its counsel, and for its cause of action against Defendant, 1199 SEIU Benefit Fund, says that:

1. The within cause of action arose in Montgomery County, Ohio.

2. At all times relevant, Plaintiff, Miami Valley Hospital, was a not-for-profit corporation, registered in the State of Ohio, conducting business as a hospital.

3. At all times relevant, Defendant 1199 SEIU Benefit Fund, which upon information and belief, is a health insurance benefit fund licensed by the State of New York.

## COUNT I

4. Plaintiff incorporates paragraphs 1 through 3 as if fully rewritten here.

5. Plaintiff provided medical service to Defendant's insured Alana Wedderburn from 09/26/2017 through 11/02/2017, further identified as patient account no. *****7085.

6. Following Alana Wedderburn's discharge from the hospital, a bill was submitted to Defendant for $539,131.29 for services rendered to from 09/26/2017 through 11/02/2017. A copy of the account statement is not attached to this Complaint in order to protect the patient's personal health information. However, a statement was provided to the Defendant, and one will be provided to this Court upon request and under seal.

7. Defendant Alana Wedderburn guaranteed payment for the services rendered by Plaintiff. A copy of the signed Financial Agreement is attached hereto and designated **Exhibit "A."**

8. Defendant, 1100 SEIU Benefit Fund has improperly denied this claim and failed to pay the benefits that have been assigned to the hospital.

9. Defendant is indebted to Plaintiff in the amount of $539,131.29 for medical services rendered to its insured Alana Wedderburn.

10. Demand has been made upon Defendant to liquidate the balance; however, Defendant has failed to do so.

## COUNT II

11. Plaintiff incorporates paragraphs 1 through 10 as if fully rewritten here.

12. Plaintiff provided medical service to Defendant's insured Alana Wedderburn on 11/09/2017, further identified as patient account no. *****3201.

13. Following Alana Wedderburn's discharge from the hospital, a bill was submitted to Defendant for $2,253.00 for services on 11/09/2017. A copy of the account statement is not attached to this Complaint in order to protect the patient's personal health information. However, a statement was provided to the Defendant, and one will be provided to this Court upon request and under seal.

14. Defendant, 1100 SEIU Benefit Fund has improperly denied this claim and failed to pay the benefits that have been assigned to the hospital.

15. Defendant is indebted to Plaintiff in the amount of $2,253.00 for medical services rendered to its insured Alana Wedderburn.

16. Demand has been made upon Defendant to liquidate the balance; however, Defendant has failed to do so.

## **COUNT III**

17. Plaintiff incorporates paragraphs 1 through 16 as if fully rewritten here.

18. Plaintiff provided medical service to Defendant's insured Alana Wedderburn on 11/13/2017, further identified as patient account no. *****6095.

19. Following Alana Wedderburn's discharge from the hospital, a bill was submitted to Defendant for $764.00 for services on 11/13/2017. A copy of the account statement is not attached to this Complaint in order to protect the patient's personal health information. However, a statement was provided to the Defendant, and one will be provided to this Court upon request and under seal.

20. Defendant, 1100 SEIU Benefit Fund has improperly denied this claim and failed to pay the benefits that have been assigned to the hospital.

21. Defendant is indebted to Plaintiff in the amount of $764.00 for medical services rendered to its insured Alana Wedderburn.

22. Demand has been made upon Defendant to liquidate the balance; however, Defendant has failed to do so.

WHEREFORE, for Counts I, II and III, Plaintiff, Miami Valley Hospital, prays that this Court grant Plaintiff judgment against Defendant, 1199 SEIU Benefit Fund, in the amount of

$542,148.29 together with interest at the statutorily allowed rate from the date of judgment and costs of the within action.

        Respectfully submitted,

        **DREYFUSS WILLIAMS & ASSOCIATES CO., L.P.A.**

By: _____
      John F. Garswood (#0091434)
      Emily J. Viscomi (#0095762)
      1801 East Ninth Street, Suite 1110
      Cleveland, Ohio 44114-3103
      Phone: (216) 241-5300
      Fax: (216) 241-2735
      Email: jfgarswood@dreyfuss.com
      Email: eviscomi@dreyfuss.com

      *Attorneys for Plaintiff*

**Premier Health**
Miami Valley Hospital

PLACE LABEL HERE
Name: Alana Weddington
MR #:
HAR:

## GENERAL CONSENT AND AGREEMENT

**CONSENT TO TREATMENT:** I consent to, and authorize Miami Valley Hospital to provide, all necessary care, including examinations, testing and treatment. I also consent to such tests and procedures necessary for infection control.

**TREATING PHYSICIANS:** I understand that the physicians who render professional services to me at Miami Valley Hospital may be independent practitioners and not employees or agents of the hospital. I agree that Miami Valley Hospital is not responsible for the acts or omissions of physicians that are not directed or controlled by Miami Valley Hospital, that these physicians' charges will be billed separately, and are in addition to the hospital's charges. I assign to these physicians any insurance and other benefits to which I am entitled for the services provided by them.

**RELEASE OF MEDICAL INFORMATION AND PRIVACY:** I authorize Miami Valley Hospital to furnish my medical information and records to Miami Valley Hospital agents, other health care providers, and any physician, physician group, insurer, compensation carrier, electronic health information exchange (including but not limited to Epic or other electronic medical record systems), or governmental agency in order to provide appropriate medical care to me, or to aid in the billing and collection of my account, or to aid me in obtaining financial assistance. This authorization does not, however, authorize Miami Valley Hospital to furnish the following information (please list any desired exclusions, e.g. information regarding drug and alcohol treatment, psychiatric treatment, AIDS, AIDS related condition, HIV testing, or diagnosis and treatment of HIV): _____. I understand that I may revoke this authorization in writing delivered to Miami Valley Hospital. I also understand, however, that such revocation will not apply to information released before the hospital receives notice of my revocation. This authorization will remain in effect until revoked by me.

**PHOTOGRAPHS/VIDEO RECORDING:** I authorize the taking of photographs and/or video recordings for purpose of treatment, consultation with other physicians and other providers involved in my care, and/or advancing medical education. I understand that any photographs and/or video recordings taken may be transmitted to and from physicians and other providers by electronic means and/or stored for future use or reference.

<u>I acknowledge that I received Miami Valley Hospital Notice of Privacy Practices which sets forth the ways in which my personal health information may be used or disclosed by Miami Valley Hospital and outlines my rights with respect to such information.</u>

**FINANCIAL AGREEMENT AND ASSIGNMENT:** I agree to pay Miami Valley Hospital, as bills are presented and at Miami Valley Hospital prevailing rates, all charges which are not satisfied by insurance or other third-party payer. I assign to Miami Valley Hospital all insurance and other benefits to which I am entitled for the services provided by Miami Valley Hospital. I direct that all such benefits be paid directly to Miami Valley Hospital. Should my account become delinquent, I agree to pay interest at the legal rate, from date of discharge. I authorize Miami Valley Hospital to obtain a copy of my credit report and other necessary financial information. I agree that, to the extent permitted by applicable law Miami Valley Hospital is fully subrogated to all of my rights to receive compensation or benefits from any person or governmental entity for the hospital goods and services provided to me. I understand that, pursuant to section 3727.42 of the Ohio Revised Code, I am entitled to a list of Miami Valley Hospital usual and customary charges for selected x-ray, laboratory, emergency room, operating room, delivery room, physical therapy, occupational therapy, and respiratory therapy services. I may obtain that list upon request or by viewing it on Miami Valley Hospital website. (www.miamivalleyhospital.org)

**EXHIBIT A**

ACM-21CC (7/15)     Page 1 of 2

## GENERAL CONSENT AND AGREEMENT

**COOPERATION WITH BILLING:** I understand that although Miami Valley Hospital may assist me in doing so, I am solely responsible for compliance with the provisions of my insurance policy, including verifying coverage and obtaining any required pre-admission certification. I agree to cooperate fully with Miami Valley Hospital in billing my insurance and any other third-party payer, including, but not limited to, promptly responding to requests for information from Miami Valley Hospital, or any insurer or other third-party payer. I also understand that in order to receive any financial assistance in paying my bill, I must promptly and truthfully complete all required applications, provide requested supporting documentation and fulfill all other requirements of the assistance program. I agree that my failure to cooperate in these matters may result in the denial of benefits or assistance. If any insurer or other third-party payer denies payment of Miami Valley Hospital claim, I will promptly pursue all appeals processes available to me. I also authorize Miami Valley Hospital to appeal such denial on my behalf. I agree, in order for Miami Valley Hospital to service my account or to collect any amounts I may owe, Miami Valley Hospital may contact me by telephone at any telephone number associated with my account, including wireless telephone numbers, and may also contact me by sending text messages or e-mails, using any e-mail address I provide to use which could result in charges to me. Methods of contact may include using pre-recorded/artificial voice messages and/or use of an automatic dialing device, as applicable.

**PATIENT ASSISTANCE PROGRAM:** Some pharmaceutical and medical device companies offer financial assistance programs for products that they manufacture. I understand that in certain circumstances, Miami Valley Hospital, through a third party, may be able to enroll me in these programs in order to help me obtain some of my medications and/or medical devices from these companies at no cost or lower cost. When this happens, the costs of the medication(s) and/or medical device(s) are removed from the bill associated with my hospital stay. There are forms that must be completed to enroll in these financial assistance programs which require disclosure of my personal identifying information as well as my signature. To make the application process easier, I authorize Miami Valley Hospital and/or its agent to complete and sign the forms required for enrollment in patient assistance programs for me. This authorization is limited only for this purpose, and I understand that I may not be eligible to participate in some or any patient assistance programs. I understand that I may revoke this authorization in writing to Miami Valley Hospital, but my revocation will not apply to information released before the hospital receives notice of it. This authorization will remain in effect until revoked by me.

**MEDICARE PATIENTS:** I certify that any information given by me in applying for payment under Title XVIII of the Social Security Act is correct. I authorize any holder of medical or other information about me to release to the Social Security Administration or its intermediaries or carriers, agents or attorneys, any information needed for this or a related Medicare claim. I request that payment of authorized benefits be made on my behalf to the provider.

**PERSONAL PROPERTY:** I agree that Miami Valley Hospital is not responsible for the loss of money or valuables I bring with me. I understand that I can request that my valuables be placed in the hospital safe.

_____  3/26/19  _Lanel Wedderburn_  _Mother_
Witness           Date/Time  Patient/Guarantor/Guardian   Relationship

Reason for signature by person authorized     Minor         Mental        ☑ Physical      Verbal
to sign for patient in lieu of signature of patient:  ☐ (under 18)  ☐ Condition   ☑ Condition    ☐ Consent

☐ Telephone   _Alana Wedderburn_       _____       _____
  consent     Patient Name              Obtained from         Relationship

_____        _____        _____   _____
Witness                 Witness                 Phone Number      Date/Time

ACM-21CC (7/15)                                                               Page 2 of 2